Opinion issued November 21, 2002














   
 



In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00253-CR
____________
 
OLLIE THOMPSON, III, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 699440
 

 
 
O P I N I O N
          Appellant, Ollie Thompson, III, challenges the convicting court’s order
denying his motion for post-conviction DNA testing. In his sole point of error,
appellant argues that the trial court erred in denying his motion because he
established by a preponderance of the evidence that he would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA testing
of the state’s trial evidence. We affirm.
Factual and Procedural Background
          On December 8, 1995, a jury found appellant guilty of the offense of
aggravated assault with a deadly weapon and assessed his punishment at 50 years
confinement.


 On October 16, 2001, appellant filed a pro se motion for forensic DNA
testing of biological evidence. See Tex. Code Crim. Proc. Ann. art. 64.01–.05
(Vernon Supp. 2002). The trial court appointed counsel to represent appellant after
the motion was filed. See id. at art. 64.01(c). After the State filed its written response
to the motion for DNA testing, the trial court considered the arguments of counsel for
both parties, and denied the motion.
          The underlying facts at trial showed that the complainant was assaulted by
three men, including the appellant, and that appellant cut the complainant with a box
cutter. The complainant testified that the assailants approached him to purchase
cocaine. After the complainant refused to sell them cocaine, he was struck on the
back of the head with a bottle, and he then tried to run away. The assailants caught
the complainant, and appellant cut the complainant on the neck and arm. After the
assault, the complainant reported the incident to a Houston Police officer and gave
a general description of the three men. A few minutes later, another officer detained
appellant and another man who met the description of the assailants. The officer
found an orange box cutter, which appeared to have blood on it, on the ground where
appellant had been standing. The officer then took appellant, the co-defendant, and
the box cutter to the complainant. The complainant identified the men as two of his
assailants and the box cutter as the weapon used against him during the attack. The
complainant was later taken to a hospital where he received 175 stitches in his neck
and 75 stitches in his right arm. 
Statutory Jurisdiction
          Initially, the State argues that this Court has no statutory authority to consider
this appeal because appellant’s motion was inadequate and the trial court, without
holding an evidentiary hearing, summarily denied the motion without ruling on the
merits. Article 64.03 of the Code of Criminal Procedure provides, in pertinent part,
as follows:
          (a)     A convicting court may order forensic DNA testing under this chapter
only if:
 
(1)the court finds that:
 
(A)the evidence:
 
(i)still exists and is in a condition making DNA
testing possible; and
 
(ii)has been subjected to a chain of custody
sufficient to establish that it has not been
substituted, tampered with, replaced, or
altered in any material respect; and
 
(B)identity was or is an issue in the case; and
 
(2)the convicted person establishes by a preponderance of the
evidence that:
 
(A)a reasonable probability exists that the person would not
have been prosecuted or convicted if exculpatory results
had been obtained through DNA testing; and
 
(B)the request for the proposed DNA testing is not made to
unreasonably delay the execution of sentence or
administration of justice. 
Tex. Code Crim. Proc. Ann. art. 64.03(a).
          An appeal of a finding under article 64.03 or 64.04 is taken to a court of
appeals unless the appellant’s conviction is for capital murder. Tex. Code Crim.
Proc. Ann. art. 64.05. The Texas Court of Criminal Appeals has addressed the
statutory jurisdiction of an appellate court to hear appeals of a convicting court’s
findings under Chapter 64. See Kutzner v. State, 75 S.W.3d 427, 432 (Tex. Crim.
App. 2002). After examining the legislative history of Chapter 64, the Court found
nothing to indicate a legislative intent to foreclose an appeal of a convicting court’s
article 64.03(a)(2) determination. Id. at 433. The Court explicitly “rejected” a
“narrow and hypertechnical construction of Article 64.05.” Id. at 432. Moreover, the
Court held that “the Legislature intended to authorize appellate review of all of the
convicting court’s Article 64.03 determinations.” Id. at 434 (emphasis added).
          After considering the motion and affidavit of appellant and the State’s written
response, the trial court denied appellant’s motion for DNA testing without holding
an evidentiary hearing. Such a preliminary ruling under article 64.03 does not
preclude an appeal. In fact, nothing in article 64.30 requires a hearing of any sort
concerning a trial court’s determination of whether a defendant is entitled to DNA
testing. See Rivera v. State, No. 74359 (Tex. Crim. App. Nov. 6, 2002). Thus, we
hold that Article 64.05 authorizes this Court to review the trial court’s findings,
express or implied, on appellant’s Chapter 64 motion.
Sufficiency of Motion
          In his sole point of error, appellant contends that the trial court erred in denying
his motion for DNA testing because the motion and supporting affidavit satisfied the
statutory requirements of article 64.03.
          An applicant, in order to obtain forensic DNA testing, must establish by a
preponderance of evidence that a reasonable probability exists that he would not have
been prosecuted or convicted if exculpatory results had been obtained through DNA
testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). The Court of Criminal
Appeals has interpreted this to mean that an applicant must show “a reasonable
probability exists that exculpatory DNA tests will prove [his] innocence.” Kutzner,
75 S.W.3d at 438. 
          Appellant, in his brief, contends that he has met the “reasonable probability”
standard by showing that the evidence to be tested is in the possession of the State
and, at the time of trial, it contained biological material that if subjected to testing
would “more likely than not either establish the identity of the person committing the
offense or exclude a person from the group of persons who could have committed the
offense.” Appellant contends that the only evidence linking him to the offense,
outside of the complainant’s identification of appellant, was the orange box cutter
found on the ground near appellant when he was arrested. Appellant points out that,
at trial, a police officer testified that the knife had blood on it. During its closing
argument, the State argued that the substance on the knife was blood and that
appellant had blood on his shirt. Appellant argues that, had the complainant’s
identification of appellant not been supported and bolstered by the bloody box cutter,
“the jury likely would have entertained a reasonable doubt as to his guilt.” 
          Whether the jury “likely would have entertained a reasonable doubt” as to
appellant’s guilt does not constitute a reasonable probability that exculpatory DNA
tests would prove his innocence. Here, we cannot conclude that exculpatory DNA
tests on the box cutter would prove appellant’s innocence. The bloody box cutter was
not the only evidence available to the State. The record reflects that appellant, who
met the physical description of one of the assailants, was arrested in close proximity
to the crime a few minutes after the assault. The complainant testified that he was cut
with an orange box cutter, and he identified appellant at the scene of the crime as one
of his assailants, just minutes after the assault. Moreover, the box cutter was found
on the ground near appellant at the time of his arrest. Thus, even if DNA testing
proved that the box cutter did not contain complainant’s blood or any blood at all, it
would not prove appellant’s innocence. Even if negative test results were to supply
an exculpatory inference, such an inference in this case would not conclusively
outweigh the other evidence of appellant’s guilt. See Rivera, No. 74359 (holding
absence of DNA under murder victim’s fingernails and negative result from rape kit
would not indicate innocence of capital murder). 
          At best, exculpatory DNA tests on the box cutter would “merely muddy the
waters.” See Kutzner, 75 S.W.3d at 439. Here, the record supports an implied
finding by the convicting court that no reasonable probability exists that exculpatory
DNA testing of the box cutter would prove appellant’s innocence. Thus, we hold the
convicting court did not err in denying appellant’s motion for DNA testing.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the order of the convicting court.



 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Radack.

Publish. Tex. R. App. P. 47.